### LOYAL C. ANDERSON vs STEPHEN OSBORN.

Where a rule absolute is obtained by defendant on notice for plaintiff to file security for costs within twenty days from the entry of the order, he must serve a copy on plaintiff's attorney in order to put plaintiff in default for not filing such security.

*Motion by defendant for judgment of non pros. by reason of plaintiff's failing to file security for costs.*---An order was entered in this cause at the last December Special Term, that the plaintiff file security for costs in twenty days after the entry of the order, and that all proceeding on the part of the plaintiff be stayed until such security be filed. This motion was made on notice. The attorney for the defendant swears that he has not received any notice of plaintiff's filing such security, and that plaintiff's default for not filing the security according to the order in December has been entered. Plaintiff shows that no copy of the order to file security, obtained in December was served until the 20th January last, when the papers for this motion were served, and insists that the

Plaintiff has twenty days to comply with the order from the time of the service.

S. Wilkeson, Jr., *Defts Counsel.* Dennis Bowen, *Defts Atty.*

Plffs Counsel. Lawrence & Fellows, *Plffs Attys.*

Nelson, Chief Justice.—The defendant ought to have served a copy of the order on attorney, in order to put the plaintiff in default for not filing security for costs within the twenty days. Let the plaintiff have twenty days to file security, and no costs.